(110 So. 476)

### KNIGHT v. STATE. (6 Div. 982.)

(Court of Appeals of Alabama. Sept. 7, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Intoxicating liquors ⚛238(2).**

Where several witnesses testified that defendant was present at still and was one of the men running it, his identity was for the jury, and affirmative charge was properly refused, though his witnesses testified to contrary.

**2. Criminal law ⚛829(1).**

Refusal of charge fairly and substantially covered by given charge is not error.

**3. Criminal law ⚛814(3).**

Charge not predicated on the evidence was properly refused.

**4. Criminal law ⚛805(1).**

Charge which was incomplete, elliptical, and argumentative was properly refused.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Tom Knight was convicted of distilling, making, or manufacturing alcoholic or spirituous liquors, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Knight v. State, 110 So. 476.

Curtis, Pennington & Pou, of Jasper, for appellant.

The evidence was not sufficient to submit to the jury. Knight v. State, 19 Ala. App. 296, 97 So. 163. Charge 4 was correct, and should have been given. Gilbert v. State, 20 Ala. App. 565, 104 So. 45. The same rules of evidence apply in prohibition law violations as in other cases. Washington v. State, ante, p. 239, 107 So. 34.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. From a judgment of conviction for distilling, making, or manufacturing alcoholic or spirituous liquors, this appeal was taken.

The principal question involved upon the trial of this case was the identity of this appellant as one of the participants in the operation of the still. That a still of large capacity was being operated at the time and place in question is without dispute or conflict. Several gallons of whisky were found at or near the still, and several large vats of beer or mash were also found there. At the time of the raid by the officers, whisky was running out of the worm into a 16-gallon keg and about 10 gallons of whisky was in the keg.

[1] As to the identity of this appellant as being one of the men engaged in the actual operation of the still, there were several witnesses who testified that he was present at the still and was one of the men who were running it. The defendant and his witnesses testified to the contrary. This conflict in the evidence made a jury question, and rendered inapt the affirmative charge requested. There was no phase of this case entitling the defendant to the affirmative charge.

The exceptions reserved to the rulings of the court upon the admission of evidence are without merit. Smith v. State, ante, p. 460, 109 So. 294.

[2] Refused charge 4 was fairly and substantially covered by given charge 22. Moreover, this identical charge was condemned and held to be improper by this court in the case of Smith v. State, supra.

[3] Refused charge 21 is not predicated upon the evidence; it was therefore properly refused. See also Smith Case, supra.

[4] Charge 24 is incomplete, elliptical, and argumentative.

From the record and by brief of counsel we ascertain this is a companion case to that of Charley Smith v. State, supra, and it appears that, while separate indictments were preferred against the defendants, yet by consent they were jointly tried in the court below. The points of decision in each case appear identical. Without further discussion, the judgment of conviction in this case, in addition to what has been said, will be affirmed upon authority of Smith v. State, ante, p. 460, 109 So. 294.

Affirmed.